335 P.2d 59

Joel BACA, Administrator of the Estate of Joseph Baca, and Joel Baca, Individually, Plaintiff-Appellant,

v.

Robert E. SAXTON and George Maxwell Defendants-Appellees.

No. 6442.

Supreme Court of New Mexico.

Jan. 23, 1959.

was driving the vehicle in the opposite direction on his right hand side of the street when the boy made a left hand turn and was struck by the motor vehicle.

The degree of care the boy and the driver had to exercise, and the question of contributory negligence of the boy were important questions in the case.

On this subject the appellant tendered his requested instructions numbers 9, 10 and 11. Numbers 9 and 10 read as follows:

"*No. 9:* You are further instructed that a child's age and lack of capacity to appreciate peril, where such facts are known or should have been known to one who comes in contact with a child, are important in determining whether a defendant is negligent towards a child. More care must be exercised toward children than toward adults. Children of tender years are generally entitled to care proportioned to their inability to foresee and avoid the perils they may encounter, as well as to the superior knowledge of persons like the defendant in this case. The duty to avoid doing them an injury thus increases with the child's inability to protect itself. A child of immature years has the capacity to exercise and is required to exercise for his own safety only such care and self restraint as belong to childhood.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

Schall & Sceresse, Albuquerque, for appellees.

McGHEE, Justice.

The appellant brought suit as administrator and individually to recover damages for the death of his son who was six years seven months of age at the time he was killed by being struck by a motor vehicle driven by Saxton and owned by Maxwell, appellees in this appeal.

The boy was riding his bicycle on his right hand side of the street and Saxton

A reasonable man is presumed to know this and to govern his actions accordingly. Thus, in the case before you, if you find from all the facts that Joseph Baca was of such tender years as to lack the capacity to appreciate the peril he was in, and that the fact that he was in peril was known or should have been known to the defendant by the use of care owed by him to a child of like age, ability and capacity as Joseph Baca, and he failed to use such care, then you are to find that the defendant was negligent towards Joseph Baca. ~~If you should further find that this negligence was the proximate cause or contributed to the proximate cause, then you are to bring in your verdict for plaintiffs.~~

"*No. 10:* You are instructed that the deceased Joseph Baca is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of the deceased and whether his conduct was or was not such as might reasonably have been expected from children of like age, capacity and experience, under the same or similar circumstances.

"Moreover, an infant's conduct is not to be measured by the same yardstick as would apply to adults. An infant is held to the same degree of care for its protection as is reasonably to be expected of children of like maturity and capacity.

"Of course, the character and quality of performance required to be exercised in dealing with a minor, and likewise the character and quality of performance by which a minor's conduct is itself measured, in personal injury cases, must vary according to the circumstances; yet, there still remains in cases of this character one method by which to gauge it: Ordinary, reasonable or due care under the circumstances.

"The fact that the deceased Joseph Baca was six years of age did not relieve him from the obligation to use such care and prudence as persons of his age and intelligence would naturally be expected to use under the same circumstances.

"The test to decide the issue of the contributory negligence of the deceased minor is to inquire whether, in a similar situation, an ordinary infant of like age and experience and with his knowledge of the situation and its

dangers would have conducted himself as he did."

Number 9 was given as requested except for the deletion of the last sentence of which the appellant does not complain and number 10 was given verbatim. Requested instruction number 11 was denied, and for that reason the appellant seeks a reversal. It reads as follows:

"*No. 11:* You are further instructed that the test in the present case as to whether the plaintiffs can recover or not is whether the defendant driver was or was not negligent under the facts and circumstances surrounding the accident. Negligence has been previously defined to you. In addition, if you should find from all of the evidence that the defendant driver was exceeding the speed limit, or was driving at a speed inconsistent with caution and safety under the conditions of the highway at the time of the accident, or was not keeping a careful lookout, or was not using ordinary and reasonable care that an ordinary reasonable and prudent man would have used under the facts and circumstances surrounding the accident, then this is negligence, too. As a matter of law, the deceased Joseph Baca was an infant and the defense of contributory negligence does not exist. If you should find that the defendant was negligent, and that the negligence was the proximate cause, or contributed to the proximate cause, you are to bring in your verdict for plaintiff; or, if you do not find that the defendant was negligent, then you are to bring in your verdict for the defendants."

Requested instruction number 11 was inconsistent with the other two requested instructions in that it stated the doctrine of contributory negligence did not exist in this case. It was, therefore, properly denied.

The rule in such a case is well stated in the first paragraph of 88 C.J.S. Trial § 409, p. 1127 as follows:

"Since the granting of a request makes the legal proposition contained therein the law of the case, and since a party is bound by the theory of the case presented by the instructions given at his instance, it is proper for the court to refuse instructions ,requested by him which conflict or are inconsistent with other instructions given at his request; and where several instructions are requested, some of which are inconsistent with the others and involve different theories of the case, a party submitting such instructions may not complain of the trial court in adopting one of the theories of the case and giving the instructions applicable thereto, and refusing those which were inconsistent with the ones given."

The appellant having requested inconsistent instructions he cannot complain that the trial court accepted one of his theories and rejected the other.

The judgment is affirmed, and it is so ordered.

LUJAN, C. J., and COMPTON and CARMODY, JJ., concur.

SADLER, J., not participating.